IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-00151-TDD |
| ) | |
| ASHLEY SCHARDEIN, ) | |
| ) | |
| Defendant. ) | |

**UNOPPOSED MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT SUFFICIENT TO CONTINUE TRIAL AND ALL RELATED DEADLINES**

Pursuant to 18 U.S.C. §§3161(h)(7)(A) and (B)(ii) the Defendant, Ashley Schardein, by and through undersigned counsel, and for this Motion to Continue Trial Date and all related deadlines, hereby states as follows:

1. Ms. Schardein is charged with Child Abuse in Indian Country, in violation of Title 21, Oklahoma Statutes, § 843.5A and Title 18, United States Code, Sections 1151 and 1152 and Child Neglect in Indian Country, in violation of Title 21 Oklahoma Statutes, § 843.5(C) and Title 18 United States Code, Sections 1151 and 1152. [D.E. 23]

2. Trial in this matter is currently set for February 8, 2022 [D.E. 86].

3. On January 6, 2022, the AUSA released another 600 plus pages of discovery.

4. Further, the AUSA has informed Ms. Schardein that a superseding indictment is forthcoming and expands her alleged criminal behavior into 2019.

5. Counsel will require additional time pursuant to 18 U.S.C. § 3161 (7) (B)(iv), in which to review the Government's discovery submissions with Ms. Schardein, to interview witnesses and to effectively prepare this matter for trial which carries a maximum penalty of life should there be a conviction.

6. Additionally, with the Omicron Variant spreading throughout the country, the defense contends that conducting a trial in three weeks, including picking a jury and having multiple witnesses attend court sessions is a risk that will likely dissipate several months down the road as the Covid wave recedes.

7. The ends of justice in allowing the Defendant to adequately prepare for pretrial and trial proceedings are best served by excluding time beyond that provided in the act and that provided by prior exclusions. Failure to grant sufficient time for counsel acting with due diligence to perform the tasks set forth above would likely result in a miscarriage of justice.

8. In determining whether to grant an "ends of justice" continuance under §3161(h)(7)(A), the Court must consider, among other factors, each of the following factors set forth in §3161(h)(7)(B):

   i. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

   ii. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for trial proceedings or for the trial itself within the time limits established by [the Act];

   iii. Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

   iv. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(B)(i) - (iv).

9.	Section 3161(h)(7)(B)(ii) applies here, and Ms. Schardein submits that the failure to grant the requested continuance based on §3161(h)(7)(B)(ii) would also implicate §3161(h)(7)(B)(i), in that the failure to grant the requested continuance will likely result in a miscarriage of justice.

10.	The defense requests that the Court weigh the interests of the public and Ms. Schardein to a speedy trial against Ms. Schardein's need for a continuance for the reasons set forth herein, consistent with the requirements of 18 U.S.C. §3161(h)(7)(A) and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007), *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010) and *Bloate v. United States*, 130 S.Ct. 1345 (2010).

11.	The defense further request that should the Court determine that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial, the Court set forth in writing its reasons for so finding, in accordance with 18 U.S.C. §3161(h)(7)(A).

12.	In light of the foregoing, Ms. Schardein requests the Court exclude at least an additional 150 days from the speedy trial calculation beyond the period of time excluded by the Court's previous Order. Please see Ms. Schardein's Waiver of Speedy Trial, D.E. 94, filed simultaneously with this motion.

13.	AUSA Edith A. Singer and Co-Defendant Counsel Cody Cofer have no objection to this request seeking an additional exclusion of time to satisfy the ends of justice and for a rescheduling of the trial to a date in June 2022.

WHEREFORE, Ms. Schardein requests that this Honorable Court (1) grant this unopposed motion for an ends of justice delay pursuant to 18 U.S.C. §3161(h)(7)(A) and (B)(ii), resetting the

trial date and all related deadlines (2) exclude at least an additional 150 days from the speedy trial calculation, set all motion and other deadlines in accordance therewith, (3) enter a written Order setting trial to a date in June 2022.

Dated this 13th day of January 2022.

                                                   *s/Ronald Gainor*
                                                   Ronald Gainor
                                                   Gainor & Donner
                                                 10722 Ashford Circle
                                                 Highlands Ranch, CO 80126
                                                 (720) 201-3036
                                                 (303) 470-5774 (facsimile)
                                                 gainorlaw@gmail.com
                                                 Counsel for Ashley Schardein

## **CERTIFICATE OF SERVICE**

      I certify that on 13th day of January 2022, this Motion was filed on the CM/ECF system with copies sent to all parties to this litigation.

                                               s/ Ronald Gainor