# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
v.                                 )          Case No. CR-21-151-TDD
                                   )
BILLY JAMES MENEES and             )
ASHLEY SCHARDEIN,                  )
                                   )
            Defendants.            )

## <u>ORDER</u>

Before the Court is Plaintiff's First Motion in Limine [Doc. No. 56], concerning certain evidence that Plaintiff seeks to admit at trial.[1] Defendants are charged in a two-count superseding indictment with (1) child abuse in violation of 18 U.S.C. §§ 2, 1151, 1152, and Okla. Stat. tit. 21, § 843.5(A)(1), and (2) child neglect in violation of 18 U.S.C. §§ 2, 1151, 1152, and Okla. Stat. tit. 21, § 843.5(C). *See* [Doc. No. 98]. Plaintiff describes the alleged facts from which the indictment stems as follows:

> For period of time prior to May 9, 2020, [alleged victim] K.M. was confined to a room without a bed, bedding, blankets, or carpeting on which to sleep. Texts between the defendants discussed not permitting K.M. to have a pillow, having to sleep on the concrete, and turning down the air to make it cold like a jail. K.M. had her feet and hands tied with a rope at times, and was only fed water, spinach and oatmeal. K.M.'s head had been shaved as a form of punishment, she was not permitted to toilet when needed, causing her to toilet in various areas on the concrete in that room, and was forced by the defendants into a cold shower. K.M. disclosed crying and begging for food. She also disclosed various incidents where she was hit, slung around the room, shoved and other acts of extreme physical, mental and emotional abuse perpetrated on her by the defendants.

---

[1] The motion is fully briefed. *See* Defs.' Resp. Br. [Doc. No. 162].

Pl.'s Mot. in Limine at 1-2.

Plaintiff moves to admit statements made by K.M. to a child abuse medical examiner, a police officer, and two forensic interviewers. Plaintiff maintains that, in her statements, K.M. "articulated physical and emotional abuse and neglect inflicted upon her by the defendants" and recounted Plaintiff's version of the events described above. *Id.* at 1, 3. Although conceding that such statements are hearsay, Plaintiff contends that the statements are properly admissible pursuant to four hearsay exceptions. Accordingly, it requests a ruling from the Court "that it be allowed to introduce K.M.'s out-of-court statements for the truth of the matters asserted therein." *Id.* at 9.

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, (1984) (citing Fed. R. Evid. 103(c); *cf.* Fed. R. Civ. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted).

Plaintiff generally argues that K.M.'s "disclosures of abuse" and "narration of victimization" are admissible pursuant to Fed. R. Evid. 803(1), 803(3), 803(4), and 807. *See* Pl.'s Mot. in Limine at 6-7. The statements in question arguably could be admitted under one or more of the hearsay exceptions advanced, but absent additional contextual

details, the Court must defer any ruling regarding the admissibility of such statements until trial. *See United States v. Cline*, 188 F.Supp.2d 1287, 1292 (D. Kan. 2002) ("A court is well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity."). At this juncture, the Court is unable to fully consider the applicability of Plaintiff's identified hearsay exceptions, as Plaintiff's motion does not provide sufficient detail regarding the content, context, and timing of the purported statements. *See Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D. Kan. 2007) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). Accordingly, Plaintiff's motion must be **DENIED.**

IT IS SO ORDERED this 22nd day of December, 2022.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE