IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-151-TDD |
| ) | |
| BILLY JAMES MENEES and ) | |
| ASHLEY SCHARDEIN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

In preparation for the jury trial set for January 10, 2023, Defendants filed an Amended Notice of Intention to Call Mark J. Mills, M.D., as an Expert Witness [Doc. No. 176]. In their notice, Defendants disclose Dr. Mills as an expert in psychiatry, forensic psychiatry, biobehavioral sciences, and psychological testing. Plaintiff filed a Motion in Limine to Exclude Defendants' Expert Witness [Doc. No. 186], to which Defendants timely responded [Doc. No. 201]. The matter is fully briefed and at issue.

*Background*

Defendants are charged in a two-count superseding indictment with (1) child abuse in violation of 18 U.S.C. §§ 2, 1151, 1152, and Okla. Stat. tit. 21, § 843.5(A)(1), and (2) child neglect in violation of 18 U.S.C. §§ 2, 1151, 1152, and Okla. Stat. tit. 21, § 843.5(C). *See* [Doc. No. 98]. They have retained Dr. Mark J. Mills to testify as an expert at trial in this case. Defendants describe Dr. Mills as "an expert in psychiatry, forensic psychiatry, biobehavioral sciences and psychological testing." Defs.' Am. Notice at 1. Defendants' notice states that Dr. Mills is expected to testify as follows:

Opinion #1: Dr. Mills will describe the history of interactions among DHS and other State of Oklahoma agencies and employees, as well as the interactions among DHS, alleged victim K.M., and Defendants.

Opinion #2: Dr. Mills will explain that the psychiatric, medical and community services provided by the State of Oklahoma to K.M. and Defendants were inadequate.

Opinion #3: Dr. Mills will explain K.M.'s diagnosis of Oppositional/Defiant Disorder ("O/DD"), plus other behaviors exhibited by K.M. reflected in discovery, including the meaning and consequences of the diagnosis and behaviors.

Opinion #4: Dr. Mills will explain the results of two tests that he administered to Defendants: the Minnesota Multiphasic Psychological Inventory ("MMPI") and the Personality Assessment Inventory ("PAI"). As related to the case, Dr. Mills will conclude that the results of these tests demonstrate that Defendants both have low interpersonal aggressiveness, low psychoticism, and average levels of impulsivity, and that Defendants actions and behavior in dealing with K.M. were reasonable and normal responses to K.M.'s challenging O/DD and other behaviors.

Defs.' Am. Notice at 1-3. Arguing that Dr. Mills' opinions are neither reliable nor relevant, Plaintiff requests that the Court preclude Dr. Mills from testifying pursuant to Fed. R. Evid. 702.[1]

### *Standard of Decision*

The principles of *Daubert* and its progeny,[2] which are codified in Rule 702, oblige the Court to perform an important gatekeeping function regarding expert opinion

---

[1] Based on the evidence in the record, the Court finds a formal hearing on Plaintiff's motion is unnecessary. "Tenth Circuit cases have interpreted *Kumho Tire's* directive that courts must have leeway in applying the *Daubert* framework to mean that although *Daubert* hearings are the most common way to fulfill the gatekeeper function, such a process is not specifically mandated." *United States v. Nacchio*, 555 F.2d 1234, 1253-54 (10th Cir. 2009) (citations omitted).

[2] *See Daubert v. Merrell Down Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

testimony. In considering whether an expert's opinion is admissible, the Court performs a two-step analysis to determine, first, whether the expert is qualified by knowledge, skill, experience, training, or education to render the opinion that the expert offers and, second, whether the expert's opinion is reliable and would assist the trier of fact. *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc); *Daubert*, 509 U.S. at 591. At the second step, "Rule 702 requires the district court, before admitting expert testimony, to ensure that testimony 1) has a reliable basis in the knowledge and experience of the expert's discipline, and 2) is relevant to the task at hand." *United States v. Chapman*, 839 F.3d 1232, 1237 (10th Cir. 2016) (internal quotation omitted).

## *Discussion*

As a preliminary matter, the Court must determine whether Dr. Mills is qualified by knowledge, skill, experience, training, or education to render the opinions he intends to offer. Upon consideration, the Court finds that Dr. Mills appears well-qualified to testify as an expert regarding the subjects of his proposed testimony. Dr. Mills' curriculum vitae indicates that he is a board-certified psychiatrist with extensive training and experience in the fields of psychiatry and behavioral science. In addition to his training and experience, Dr. Mills has testified numerous times, in both state and federal courts, as an expert in the areas of psychiatry, psychological testing, forensic psychiatry, and biobehavioral science. This information may be verified through a preliminary examination of Dr. Mills at trial. Thus, for present purposes, the Court assumes Dr. Mills is qualified to offer the proposed opinions.

Finding that Dr. Mills is qualified, the Court's analysis shifts to the reliability and relevance of his opinions. Courts have broad discretion in determining the admissibility of expert testimony. *Taylor v. Cooper Tire & Rubber Co.*, 130 F.3d 1395, 1397 (10th Cir. 1997). A district court also has broad discretion to decide "how to assess an expert's reliability, including what procedures to utilize in making that assessment, as well as in making the ultimate determination of reliability." *Dodge v. Cotter Corp.*, 328 F.2d 1212, 1223 (10th Cir. 2003) (citing *Kumho Tire*, 526 U.S. at 152; *United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000)).

Plaintiff complains that Dr. Mills, by offering his first opinion, is simply serving as a conduit for introducing hearsay. Upon review, it appears that Dr. Mills' descriptions of the history of interactions among certain State of Oklahoma agencies, K.M., and Defendants, are mere factual observations gleaned from other evidence readily available in the record. This information was not subjected to any scientific process or other method of analysis beyond that within the capabilities of the average juror. Such recitations, without more, are merely cumulative and duplicative of evidence that will presumably be presented to the jury at trial. Accordingly, Dr. Mills may not offer expert testimony that merely summarizes reports, records, and telephonic encounters as described in the proffered opinion.

As for the remaining proffered opinions described in Defendants' amended notice, the Court finds that Plaintiff's objections, for the most part, concern the weight of Dr. Mills' testimony, rather than its admissibility. Plaintiff contends that Dr. Mills' second opinion is not reliable because Dr. Mills' "career and focus have not been with family services and

4

pediatrics." Pl.'s Mot. in Limine at 6. As discussed, Dr. Mills has extensive training and experience in psychiatry and behavioral science, and has rendered expert testimony in the areas of psychiatry, psychological testing, forensic psychiatry, and biobehavioral sciences numerous times. And in fact, Dr. Mills curriculum vitae indicates that he has published a peer-reviewed publication specifically addressing allegations of child abuse from children. Under Tenth Circuit precedent, as long as an expert stays within the reasonable confines of his subject area, a lack of specialization does not affect the admissibility of his testimony, but only its weight. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001).

Plaintiff also argues that Dr. Mills' third opinion is unreliable. It maintains that the alleged O/DD diagnosis was based off of information provided by "self-serving Defendants" and there "is no thorough reporting as to what was relied upon for [Dr. Mills] to even make that determination." Pl.'s Mot. in Limine at 8. Again, Plaintiff's objections go to the weight of such testimony rather than its admissibility. That Dr. Mills may have considered information provided by Defendants does not render his testimony per se inadmissible. Plaintiff is free, on cross examination, to expose whatever weaknesses it believes exist in Dr. Mills' analysis. *See Compton v. Subaru of Am., Inc.*, 82 F.3d 1513, 1518 (10th Cir. 1996) (stating that if there is a logical basis for an expert's opinion, the weaknesses in the underpinnings of the opinion go to the weight and not the admissibility of the testimony), *overruled on other grounds by Kumho Tire*, 526 U.S. at 147; *Cook v. Rockwell Intern. Corp.*, 580 F.Supp.2d. 1071, 1085 (D. Colo. 2006) (gaps or

inconsistencies in an expert's testimony concern the weight of the evidence and not its admissibility).

Next, Plaintiff objects to Dr. Mills' fourth opinion surrounding the results from the tests that he administered to Defendants, arguing that these results interfere "with the rule that no witness can testify as to the ultimate conclusion and directly invades the province of the jury." Pl.'s Mot. in Limine at 9. Based on Defendant's amended notice, it is not readily apparent that Dr. Mills intends to testify concerning an ultimate issue in the case. However, no expert presented in this case shall be permitted to offer legal opinions or conclusions regarding the sufficiency of the parties' evidence, as that is a function for the jury. *Anderson v. Suiters*, 499 F.3d 1228, 1237 (10th Cir. 2007) ("[T]estimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored."). Thus, any testimony from Dr. Mills which expresses an opinion as to whether Defendants were capable of committing the crimes charged, or the reasonableness (i.e., lawfulness) of their conduct, will not be allowed.

Finally, the Court addresses whether Dr. Mills' opinions, as described in Defendants' amended notice, are relevant to the trial issues. At the current juncture, the Court is unable to make such a determination. It is conceivable that Dr. Mills' testimony in the areas identified in Defendants' amended notice is relevant. *See Emp. Reins. Corp. v. Mid-Continent Cas. Co.*, 202 F.Spp.2d 1212, 1215 (D. Kan. 2002) ("The touchstone of Rule 702 is helpfulness of the expert testimony, a condition that goes primarily to relevance."). However, the Court will need to assess the presentation of evidence before it

can finally determine whether Dr. Mills' opinions would assist the jury in deciding any trial issue.

## *Conclusion*

For these reasons, Plaintiff's Motion in Limine to Exclude Defendants' Expert Witness [Doc. No. 186] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

**IT IS SO ORDERED** this 5th day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE