## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-151-TDD |
| | ) | |
| BILLY JAMES MENEES and | ) | |
| ASHLEY SCHARDEIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are two motions in limine submitted by the Plaintiff, United States of America [Doc. Nos. 187, 190]. Defendants timely responded to each motion [Doc. Nos. 206, 207]. The matters are fully briefed and at issue.

### *Standard of Decision*

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.16, (1984) (citing Fed. R. Evid. 103(c); *cf.* Fed. R. Civ. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted).

*Discussion*

Defendants are charged in a two-count superseding indictment with (1) child abuse in violation of 18 U.S.C. §§ 2, 1151, 1152, and Okla. Stat. tit. 21, § 843.5(A)(1), and (2) child neglect in violation of 18 U.S.C. §§ 2, 1151, 1152, and Okla. Stat. tit. 21, § 843.5(C). *See* [Doc. No. 98]. The charges stem from Defendants' treatment of K.M. during the spring of 2020. K.M. was ten years old at the time of the alleged abuse and neglect.

K.M.'s alleged oppositional defiant disorder ("O/DD") diagnosis is the focus of Plaintiff's first motion in limine. Pursuant to Fed. R. Evid. 401 and 402, Plaintiff seeks to preclude any mention of K.M.'s alleged O/DD diagnosis, arguing that such a diagnosis "is not a defense to or an element of either child abuse or neglect," and thus, irrelevant. Pl.'s Mot. in Limine [Doc. No. 187] at 5. Further, Plaintiff argues that even if the alleged diagnosis were relevant, it is not admissible pursuant to Fed. R. Evid. 403, because its "probative value would be outweighed by confusion of issues for the jury and would be overly prejudicial."[1] *Id.* at 6.

Plaintiff's second motion in limine concerns Defendants' allegations that K.M. was sexually abusing her younger stepsister, C.S., during the relevant time period. Pursuant to Fed. R. Evid. 401, 402, 403, 801, and 802, Plaintiff seeks to preclude defense counsel from eliciting "testimony from any witness regarding the allegation of sexual abuse by K.M. which was promulgated by the defendants." Pl.'s Mot. in Limine [Doc. No. 190] at 3. It

---

[1] Plaintiff also asserts that Defendants have not "provided notice of any expert who will testify to a proper diagnosis for O/DD as to K.M.," but Defendants' Notice of Intention to Call Mark J. Mills, M.D., indicates that Dr. Mills will testify to K.M.'s alleged O/DD diagnosis. *See* [Doc. No. 176] at 2.

argues that any evidence related to Defendants' allegation "is irrelevant to the charged offense and . . . [intended] to diminish K.M.'s general credibility" while creating a "trial within a trial." *Id.* at 3-4. Further, Plaintiff contends that any statements made by Defendants and offered as evidence "fall within the general prohibition against hearsay." *Id.* at 6.

The Court first addresses Plaintiff's arguments regarding the relevance of each category of evidence. Pursuant to Fed. R. Evid. 401, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." A fact is "of consequence" when "its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998). "As for the degree of probative value required under Rule 401, the rule sets the bar very low. The rule establishes that even a minimal degree of probability—i.e., 'any tendency'—that the asserted fact exists is sufficient to find the proffered evidence relevant." *Id.*

At the current juncture, the Court is unable to conclude that the proffered evidence is irrelevant under Rule 401's liberal standard. *See United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006). It is conceivable that the evidence in dispute may provide context, structure, and "complete the story of the crime on trial." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (internal quotation and citation omitted). Accordingly, the Court must defer making any definitive ruling on whether testimony regarding K.M.'s alleged

sexual abuse of C.S., or K.M.'s alleged O/DD diagnosis, is relevant under Fed. R. Evid. 401.

Even if evidence is relevant, it may be excluded pursuant to Fed. R. Evid. 403. Rule 403 provides that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Excluding otherwise admissible evidence under Rule 403 is an extraordinary remedy that should be used sparingly." *Leonard*, 439 F.3d at 652 (internal quotation and citation omitted).

Again, without the context of the presentation of evidence at trial, the Court is unable to conclusively determine that the evidence at issue is inadmissible pursuant to Fed. R. Evid. 403. *See Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D. Kan. 2007) (A court "should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed."); *see also United States v. Tunkara*, 385 F.Supp.2d 1119, 1121 (D. Kan. 2005) ("The better judicial practice is to defer rulings on . . . unfair prejudice objections until trial when the factual context is developed."). The Court will weigh any Rule 403 concerns at trial upon the development of factual context.

Finally, the Court addresses Plaintiff's request that the Court "exclud[e] as inadmissible hearsay Defendants' out-of-court statements" concerning any alleged sexual abuse by K.M. Pl.'s Mot. in Limine [Doc. No. 190] at 6-7. Absent the identification of specific testimony that Plaintiff believes to be inadmissible hearsay, the Court declines to

4

make an *in limine* ruling. Plaintiff's concerns should instead be addressed at trial upon timely objection.

The Court cautions counsel to approach the bench before presenting any evidence challenged by the instant motions in limine so the Court can consider its ruling outside the hearing of the jury.

### *Conclusion*

For the reasons outline above, Plaintiff's motions in limine [Doc. Nos. 187, 190] must be **DENIED.**

**IT IS SO ORDERED** this 5th day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE