## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-151-TDD |
| | ) | |
| BILLY JAMES MENEES and | ) | |
| ASHLEY SCHARDEIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In preparation for the jury trial set for January 10, 2023, Plaintiff has filed an Amended Notice of Intent to Offer Expert Testimony [Doc. No. 164]. In its notice, Plaintiff discloses Dr. Lauren Conway as an expert in the area of child abuse and neglect. Defendants filed a Motion in Limine Regarding Proffered Expert Testimony [Doc. No. 182], to which Plaintiff timely responded [Doc. No. 197]. The matter is fully briefed and at issue.

### *Background*

Defendants are charged in a two-count superseding indictment with (1) child abuse in violation of 18 U.S.C. §§ 2, 1151, 1152, and Okla. Stat. tit. 21, § 843.5(A)(1), and (2) child neglect in violation of 18 U.S.C. §§ 2, 1151, 1152, and Okla. Stat. tit. 21, § 843.5(C). *See* [Doc. No. 98]. Plaintiff has retained Dr. Lauren Conway as an expert at trial in this case. Dr. Conway is a licensed physician in the State of Oklahoma and is board-certified by the American Board of Pediatrics in both general and child abuse and neglect pediatrics. She served as the treating physician of alleged victim K.M., and Plaintiff anticipates that

she will testify "to all aspects of her education, background, training, knowledge, and experience" in the areas of child abuse and neglect. Pl.'s Am. Notice at 2. Plaintiff expects Dr. Conway to "testify that she medically diagnosed the victim as having suffered child abuse and neglect." *Id.* at 2-3. Defendants argue that Plaintiff's notice fails to comply with Fed. R. Crim. P. 16, and that Dr. Conway's anticipated testimony may (1) contain testimonial hearsay statements; (2) amount to impermissible bolstering; and (3) invade the province of the jury.

### *Standard of Decision*

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.16, (1984) (citing Fed. R. Evid. 103(c); *cf.* Fed. R. Civ. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted).

Despite these streamlining benefits, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D. Kan. 2007). In order to exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard,

2

evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41-42 ("The ruling is subject to change when the case unfolds. . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## Discussion

The Court first addresses Defendants' argument that Plaintiff's notice fails to comply with Fed. R. Crim. P. 16. Pursuant to Rule 16, an expert witness disclosure must contain, *inter alia*, "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief" and "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii).

"Rule 16 is designed to give opposing counsel notice that expert testimony will be presented, permitting 'more complete pretrial preparation' by the opposing side, such as lining up an opposing expert, preparing for cross-examination, or challenging admissibility on *Daubert* or other grounds." *United States v. Nacchio*, 519 F.3d 1140, 1151 (10th Cir. 2008), *vacated in part on reh'g en banc*, 555 F.3d 1234 (10th Cir. 2009) (quoting Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment); *see also United States v. McCluskey*, 954 F.Supp.2d 1224, 1231 (D.N.M. 2013) ("Rule 16 disclosure is designed to

3

give the opposing party notice, permitting preparation for cross-examination and presentation of opposing experts.").

Beyond Dr. Conway's anticipated testimony that "she medically diagnosed the victim as having suffered child abuse and neglect," Defendants argue that Plaintiff's notice "provides little more than generalities or topics on which Dr. Conway might opine." Defs.' Mot. in Limine at 5. Accordingly, Defendants assert that they are unable to "meaningfully recruit and consult a rebuttal expert or otherwise prepare to meet the opinions of Dr. Conway." *Id.* In its response, Plaintiff notes that "[b]ecause Dr. Conway was the treating physician . . . the defense has had access to her medical records containing her observations, the victim's vitals, medications, treatment plans, etc., for over a year." Pl.'s Resp. Br. at 2. It maintains that "[e]verything Dr. Conway will testify about [at] trial has been discovered to the defense for a substantial period." *Id.*

Plaintiff's notice satisfies Rule 16. Dr. Conway's opinions—and the bases and reasons for them—are adequately described in Plaintiff's notice, which indicates that Dr. Conway intends to ultimately express opinions surrounding her diagnosis of K.M. According to the notice, Dr. Conway's knowledge and experience in the areas of child abuse and neglect, as well as her review of her records related to K.M.'s medical care, her knowledge regarding K.M.'s injuries, and her knowledge of K.M.'s pediatric history and developmental milestones constitute the bases and reasons underlying her testimony. Pl.'s Am. Notice at 2. The notice appropriately informs Defendants what subject areas will be covered by Dr. Conway's testimony and articulates with specificity Dr. Conway's opinions. Indeed, Rule 16 "does not required a verbatim recitation of the testimony the

4

expert will give at trial." Fed. R. Crim. P. 16 advisory committee's note to 2022 amendment. Defendants have not demonstrated that the purposes of Rule 16 are frustrated based on Plaintiff's notice, and the Court concludes that the notice complies with Fed. R. Crim. P. 16.[1]

The Court next addresses Defendants' argument that Dr. Conway's anticipated testimony will improperly bolster "the credibility of the alleged victim." Defs.' Mot. in Limine at 8. An expert's opinion that abuse did or did not occur based on an alleged victim's statements alone goes to the victim's credibility and is usually impermissible. *United States v. Charley*, 189 F.3d 1251, 1267 (10th Cir. 1999). In *Charley*, the challenged expert found no physical evidence of abuse during her examination of the alleged victims, yet still testified that the victims were abused based on conversations with the victims and their mother. *Id.* The Tenth Circuit held that the expert's opinion "that sexual abuse in fact occurred" was inadmissible because the expert "merely vouch[ed] for the credibility of the alleged victim[s]" and therefore, "encroached upon the jury's vital and exclusive function to make credibility determinations." *Id.*

---

[1] Even if a Rule 16 violation existed, the Court "should impose the least severe sanction" that would fulfill Rule 16's purpose. *United States v. Brown*, 592 F.3d 1088, 1090 (10th Cir. 2009) (citation omitted). Although Rule 16(d)(2) articulates several possible sanctions, "[f]requently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed." *United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999) (citation omitted). As discussed, it is evident that Defendants are aware "well in advance of trial who [is] going to testify and the nature and purpose of the expected testimony." *Id.* Because Rule 16's purposes have been satisfied, there is no basis for imposing any sanction. *See id.*

Unlike the expert witness in *Charley*, Dr. Conway was the treating physician for the alleged victim here. Dr. Conway's conclusion that K.M. suffered child abuse and neglect is not based solely on K.M.'s statements. Rather, it is based on, *inter alia*, her review of her records related to K.M.'s medical care, her knowledge regarding K.M.'s injuries, and her knowledge of K.M.'s pediatric history and developmental milestones. Pl.'s Am. Notice at 2. Accordingly, it is not readily apparent, based on Plaintiff's notice, that Dr. Conway will testify in a manner that impermissibly vouches for K.M.'s credibility.

As for Defendants' concern that Plaintiff "intends to use Dr. Conway as a conduit for hearsay testimony," Plaintiff explains that Dr. Conway only intends to testify about "what she relied on in making her diagnosis pursuant to Fed. R. Evid. 803(4)(A) and 803(4)(B)." Pl.'s Resp. Br. at 2; *see* Fed. R. Evid. 803(4) (providing an exception to the rule against hearsay for statements "made for—and reasonably pertinent to—medical diagnosis or treatment; and describe[ing] medical history; past or present symptoms or sensations; their inception; or their general cause").

Although testimony of the type anticipated from Dr. Conway may well qualify for admission under exceptions to the rule against hearsay, the Court must defer any ruling regarding the admissibility of Dr. Conway's testimony related to her diagnosis of K.M., specifically as it relates to any of K.M.'s purported statements to Dr. Conway, until trial. At the current juncture, the Court is simply unable to fully consider the applicability of any hearsay exceptions. *See Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D. Kan. 2007) ("[A] court is almost always better situated during the actual trial to assess the value and

utility of evidence."). Any evidentiary ruling regarding testimony which Defendants believe to be inadmissible hearsay will be made at trial upon timely objection.[2]

Finally, the Court addresses Defendants' argument that Dr. Conway's testimony will invade the province of the jury. Plaintiff's notice indicates that Dr. Conway "will testify that she medically diagnosed [K.M.] as having suffered child abuse and neglect." Pl.'s Am. Notice at 3. As discussed, this opinion is based on, *inter alia*, Dr. Conway's review of her records related to K.M.'s medical care, her knowledge regarding K.M.'s injuries, and her knowledge of K.M.'s pediatric history and developmental milestones. *Id.* at 2.

Defendants maintain that Dr. Conway's anticipated testimony will violate Fed. R. Evid. 704(b), which prohibits an expert witness from stating "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." But "Rule 704(b) only prevents experts from expressly stating the final conclusion or inference as to a defendant's mental state. The rule does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state." *United States v. Goodman*, 633 F.3d 963, 970 (10th Cir. 2011) (citation omitted). To convict either Defendant of child abuse or child

---

[2] Defendants also challenge Dr. Conway's testimony on the basis that it violates their rights under the Confrontation Clause. Plaintiff has represented that K.M., the declarant of the challenged out-of-court statements, will testify at trial. Because Defendants will have an opportunity to cross-examine K.M. at trial, the Confrontation Clause does not prohibit K.M.'s statements from being introduced. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("[W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of [her] prior testimonial statements.").

neglect, Plaintiff must prove beyond a reasonable doubt that he or she acted "willfully or maliciously." *See* Okla. Stat. tit. 21, § 843.5(A), (C).

Based on Plaintiff's notice, it is anticipated that Dr. Conway will testify concerning her diagnosis of K.M. However, the notice does not indicate that Dr. Conway's testimony will address any actual causes of the diagnosed injuries, nor does it indicate that Dr. Conway will state any conclusion concerning whether either Defendant acted willfully or maliciously. Under Tenth Circuit precedent, an expert witness may testify about an alleged victim's symptoms which are consistent with abuse. *See Charley*, 189 F.3d at 1263-65 (finding that the district court committed no error by allowing an expert witness to "summarize the medical evidence and express an opinion that the evidence is consistent . . . with the victim's allegations of sexual abuse"); *Hellums v. Williams*, 16 F. App'x 905, 910 (10th Cir. 2001) ("In abuse cases, experts may testify that an alleged victim suffers from symptoms consistent with sexual abuse."); *see also Parker v. Scott*, 394 F.3d 1302, 1312 (10th Cir. 2005). Accordingly, the Court is unable to conclude that Dr. Conway's opinions are inadmissible pursuant to Fed. R. Evid. 704(b).[3]

### Conclusion

For the reasons set forth herein, Defendants' Motion in Limine Regarding Proffered Expert Testimony [Doc. No. 182] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Joint Motion for Leave to File a Reply to Plaintiff's Response [Doc. No. 215] is **DENIED.**

---

[3] The Court cautions Plaintiff, when examining Dr. Conway, to refrain from eliciting any testimony regarding ultimate questions of law (i.e., legal opinions or conclusions).

**IT IS FURTHER ORDERED** that Defendants' request for a hearing outside the presence of the jury before Dr. Conway testifies is **DENIED.** If a bench conference is necessary based on specific, contemporaneous objections, the Court will so indicate.

**IT IS SO ORDERED** this 6th day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE