IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>ASHLEY MARIE SCHARDEIN,<br><br>                Defendant. | Case No. CR-21-151-TDD |

**DEFENDANT SCHARDEIN'S BRIEF IN ACCORDANCE WITH THE COURT'S ORDER ALLOWING ARGUMENT ON THE IMPLICATIONS OF THE TENTH CIRCUIT'S UNPUBLISHED ORDER IN *UNITED STATES V. SHELL* TO THE INSTANT CASE**

Defendant Ashley Marie Schardein ("Ms. Schardein"), by and through undersigned counsel, respectfully submits this brief in accordance with the Court's Order [Doc. 303] granting leave to the parties to file a brief addressing the implications of the Tenth Circuit's unpublished order and judgment in *United States v. Shell*, No. 23-5086 (10th Cir. July 18, 2024). Ms. Schardein contends that, in accordance with *Shell*, her child abuse conviction should be reversed because she was improperly charged under the assimilation of the assaultive provisions of Oklahoma's child abuse statute via the Assimilative Crimes Act ("ACA"). Ms. Schardein further contends that her conviction for child neglect should be set aside. In support of this brief, Ms. Schardein states:

### Procedural History

On February 23, 2023, a jury found Defendants Billy James Menees and Ms. Schardein guilty of Counts One and Two of the Superseding Indictment—Child Abuse in Indian Country and Child Neglect in Indian Country.

On October 25, 2023, a Presentence Investigation Report ("PSR") was filed [Doc. 278], contending that there are no analogous guidelines for Child Abuse or Child Neglect in Indian Country. On December 9, 2024, Ms. Schardein filed *Defendant's Amended Response/Objection to Presentence Investigation Report Draft* [Doc. 286], arguing that there *is* an analogous guideline for her child abuse conviction under USSG § 2A2.2, Aggravated Assault.

On December 12, 2023, the Government filed a response to Ms. Schardein's objections [Doc. 287], agreeing with the PSR that there is no analogous guideline for felony child abuse. The Government argued that Aggravated Assault under U.S.S.G. § 2A2.2 and 18 U.S.C. § 113(a)(6) does not adequately address the unique circumstances of child physical abuse and is not sufficiently analogous.

On July 18, 2024, the Tenth Circuit issued an unpublished order and judgment in a similar case, reversing a child abuse conviction premised on Oklahoma's child abuse statute as assimilated under the ACA.

### The *Shell* Case

The *Shell* case has significant implications for the present case. In *Shell*, Defendant Jacob Shell was charged with one count of Child Abuse in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, 13, and Okla. Stat. tit. 21, § 843.5(A) (2021), pursuant to the ACA. He moved to dismiss the indictment for failure to state an offense, arguing that Oklahoma's child abuse statute should not be assimilated under the ACA. The district court denied his motion, and Mr. Shell appealed. In an unpublished order, the Tenth Circuit reversed Shell's child abuse conviction, holding that assimilating the assault provisions of Oklahoma's child abuse statute would violate *Lewis v. United States*, 523 U.S. 155 (1998). *Shell*, at 1.

2

The court applied the two-step test from *Lewis* to determine if the ACA could be invoked. *Shell*, at 2. First, the court asked whether Shell's conduct was already punishable under federal law. The court concluded that Shell's actions were covered by 18 U.S.C. § 113(a)(7) (assault resulting in substantial bodily injury to a child under 16), which satisfied the first step of *Lewis*. *Shell*, at 5.

Second, the court considered whether assimilating Oklahoma's statute would interfere with federal law. The court concluded that it would, as it would "effectively rewrite an offense definition that Congress carefully considered." *See Lewis*, 523 U.S. at 164. Specifically, the court found that the Oklahoma statute, which includes both acts of commission (such as physical assault) and omission (such as neglect), would extend the reach of federal law beyond what Congress intended. Therefore, the ACA could not be used to assimilate the assault provisions of Oklahoma's child abuse statute. The court ultimately held that the federal assault statute preempted the assimilation of Oklahoma's child abuse statute for the specific acts of physical assault. *Shell*, at 5-10.

## Ms. Schardein's Child Abuse Conviction Should Be Dismissed and the Conviction for Child Neglect Set Aside

Ms. Schardein contends that, in accordance with *Shell*, her child abuse conviction should be dismissed. In this case, as in *Shell*, Ms. Schardein was charged with child abuse and neglect based on a superseding indictment alleging that between January 2019 and May 9, 2020, Mr. Menees and Ms. Schardein, both non-Indians, willfully and maliciously abused and neglected Mr. Menees' daughter, K.M., while she was in their care. See Superseding Indictment [Doc. 98].

At trial, both defendants requested a unanimity of theory instruction. (Transcript 02-23-23 at 91-2). Instruction requested by counsel for Mr. Menees was a modified version of Tenth Circuit pattern instruction 1.24. The proposed instruction required the court to list the acts upon which the Government chose to rely for a conviction. The proposed instruction stated, "If you find the Government has proven beyond a reasonable doubt that the defendant committed every element of Child Abuse/Neglect as alleged in the indictment, you must list here all, but only, the listed criminal acts on which you based your verdict." The Court denied the defense request in reliance on the note in the pattern instruction and *Richardson v. United States*, 526 U.S. 813, 817–18 (1999). (Transcript 02-23-23 at 91-2). As such, we are left not knowing which acts support each conviction of Ms. Schardein.

Because of the likelihood the jury returned fallacious verdicts, the Court should not proceed to sentencing. The Court should dismiss Count 1 and set aside the guilty verdict in Count 2.

Second, applying the two-part test from *Lewis*, as applied in *Shell*, Ms. Schardein's conduct was already punishable under federal law pursuant to 18 U.S.C. § 113(a)(7) (assault resulting in substantial bodily injury to a child under 16). This satisfies the first step in *Lewis*.

Similarly, the second part of the *Lewis* test is also satisfied. The second step of *Lewis* considers whether the federal assault statute precludes the application of Oklahoma's child abuse statute. Ms. Schardein asserts that assimilating Oklahoma's statute served to both (a) effectively rewrite an offense definition carefully considered by Congress, and (b) infringe upon a field that federal statutes intended to occupy to the exclusion of state statutes, thereby contravening *Lewis*'s clear precepts. Ms. Schardein contends that the assimilation of

4

the assault provisions of Oklahoma's child abuse statute is foreclosed by the second step of *Lewis*.

Count 1 should be dismissed pursuant to *Shell*. Furthermore, Ms. Schardein should be granted a new trial on Count 2 (Neglect) because the Court cannot know which acts or omissions upon which the jury relied to convict on each count. Without any special unanimity instruction and verdict, it is perfectly possible, even likely, the jury used an interchanging hodgepodge of acts to convict on the two counts. Allowing the guilty verdict on Count 2 to stand violates Ms. Schardein's protections against double jeopardy and right to due process.

Lastly, Ms. Schardein argues that the *Shell* case represents a possible change in how the guidelines should be calculated and how the Court may consider the guidelines in this matter. As such, Ms. Schardein requests that the court set a new deadline for any additional objections that Ms. Schardein intends to file.

## Conclusion

For the foregoing reasons, Ms. Schardein contends, in accordance with *Shell*, that her child abuse conviction in Count 1 should be dismissed, and her child neglect conviction be set aside for a new trial as Ms. Schardein was improperly charged under Oklahoma's child abuse statute via ACA. In addition, Ms. Schardein should be granted time to present additional objections based on the *Shell* case.

Dated this 8th day of October 2024.

                                   Gainor & Donner

                                   /s/ *Ronald Gainor*
                                   Ronald Gainor
                                   10722 Ashford Circle
                                   Highlands Ranch, CO 80126
                                   720-201-3036
                                   Email: gainorlaw@gmail.com
                                   **Attorney for Defendant**


                                   BUTLER, LANDRUM & PIERCE, P.C.

                                   /s/ *Lynn A. Pierce*
                                   Lynn A. Pierce #18953
                                   720 Kipling Street, Suite 201
                                   Lakewood, CO  80215
                                   (303) 232-3888
                                   lpierce.blp@comcast.net
                                   **Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October 2024, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will send notification of such filing to all counsel of record.

                                   /s/ Lynn Pierce